1

2

3

4

5

6

7

8

9

```
FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 2 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY Shy                      DEPUTY
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

14

15

| | |
|---|---|
| WILLIAM LEE ELIJAH, SR., ) <br><br> Petitioner, ) <br><br> v. ) <br><br> E. VALENZUELA, Warden, ) <br><br> Respondent. ) | Case No. CV 13-04556 MWF (AN) <br><br> MEMORANDUM AND ORDER DISMISSING UNEXHAUSTED HABEAS PETITION AND DENYING MOTION FOR STAY AND ABEYANCE |

16

### I. SUMMARY

17   On June 24, 2013, petitioner William Lee Elijah, Sr. ("Petitioner"), a state prisoner

18   proceeding in *pro se* and *in forma pauperis,* filed his pending petition for a writ of habeas

19   corpus by a person in state custody ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254").

20   On July 2, 2013, the Magistrate Judge issued his pre-service Screening Order [4], which

21   found the petition was subject to summary dismissal as either an unexhausted or mixed

22   petition. However, the Magistrate Judge gave Petitioner an opportunity to cure the defects

23   by granting him leave to file a first amended petition that only raised exhausted claims.

24   Instead of filing a first amended petition, Petitioner responded to the Magistrate Judge's

25   screening order by filing a motion to stay and hold his Petition in abeyance [5]

26   ("Motion"), in which he admits his claims are unexhausted. (Mot. at 1:17-19, 2:16-18.)

27   For the reasons set forth below, Petitioner's Motion is denied and his unexhausted

28   Petition is dismissed without prejudice.

## II. DISCUSSION

**A.    Standard of Review**

    **1.    Habeas Rules**

Habeas petitions brought pursuant to § 2254 are subject to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") and this Court's Local Rules. Habeas Rule 4 expressly provides that a district court must promptly examine a § 2254 petition before service and "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2562 (2005); *see also* Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief). Further, "under [28 U.S.C.] § 2243, it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. . . . In addition, 'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Habeas Rule 4, Advisory Committee Notes (1976 Adoption).

    **2.    § 2254**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 110 Stat. 1214 (1996), this Court may only entertain a state prisoner's application for federal habeas relief on the ground that the prisoner's custody violates the Constitution or law or treaties of the United States. § 2254(a). Federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

1  court proceeding." § 2254(d)(1)-(2).  The key to triggering § 2254's deferential standard
2  is a previous "adjudicat[ion] on the merits in State court proceedings."

3  ### 3.    Federal Exhaustion Doctrine

4  As explained by the United States Supreme Court:

5      Before seeking a federal writ of habeas corpus, a state prisoner must
6  exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the
7  State the "'opportunity to pass upon and correct' alleged violations of its
8  prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct.
9  887, 130 L. Ed.2d 865 (1995) *(per curiam)* (quoting *Picard v. Connor,* 404
10  U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed.2d 438 (1971) (citation omitted)).  To
11  provide the State with the necessary "opportunity," the prisoner must "fairly
12  present" his claim in each appropriate state court (including a state supreme
13  court with powers of discretionary review), thereby alerting that court to the
14  federal nature of the claim.

15  *Baldwin v. Reese,* 541U.S. 27, 29, 124 S. Ct. 1347 (2004); *see also* § 2254(c) ("An
16  applicant shall not be deemed to have exhausted the remedies available in the courts of
17  the State, within the meaning of this section, if he has the right under the law of the State
18  to raise, by any available procedure, the question presented."); *Carter v. Giurbino,* 385
19  F.3d 1194, 1196 (9th Cir. 2004) ("[b]efore seeking federal habeas relief, a state prisoner
20  must fairly present all of his claims to the highest state court....").

21  ## B.    Analysis

22      The Petition raises five separately numbered claims for the purpose of challenging
23  Petitioner's current state custody arising from his 2010 drug conviction and sentence that
24  he sustained following a jury trial in the California Superior Court for Santa Barbara
25  County in case no. 13458754. (Pet. at 2.)  However, as the Magistrate Judge found in his
26  Screening Order, the Petition does not state or show whether the second claim was
27  presented to the state appellate courts on direct or collateral review, and the Petition
28  expressly states the other four claims were not presented to any of the state courts on

1 direct or collateral review.

2    Morever, in his pending Motion, Petitioner concedes that he erroneously did not
3 first present any of his claims to the state courts, that his claims are unexhausted, and
4 therefore he would like the Court to stay these proceedings. (Mot. at 1:20-24.)

5    Based upon the foregoing, the Court finds the Petition is subject to summary
6 dismissal as an unexhausted petition. Further, Petitioner's corresponding Motion is denied
7 because the stay and abeyance procedure is inappropriate where, as here, the petition
8 raises nothing but unexhausted claims. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.
9 2006).

10                           **III. CONCLUSION**

11    For the reasons discussed above, the reference to the Magistrate Judge is vacated,
12 the Motion is denied, and the Petition is summarily dismissed without prejudice because
13 it is an unexhausted petition.

14

15

16 DATED:  July 22, 2013
                    _____
17                        MICHAEL W. FITZGERALD
                        UNITED STATES DISTRICT JUDGE
18

19

20 Presented by:

21

22

23    Arthur Nakazato
   United States Magistrate Judge
24

25

26

27

28

                                  Page 4